# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JIM DOSS,

      Plaintiff,

  vs.                                              No. CIV 98-0927 JC/WWD (ACE)

MAJOR LEAGUE BASEBALL
PROPERTIES, INC., et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Having reviewed the pleadings filed in this case and the applicable law, I conclude, *sua sponte*, that I lack subject matter jurisdiction over this cause.

The Federal Rules of Civil Procedure direct that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir.1988), *cert. denied*, 489 U.S. 1080 (1989) (quoting FED. R. CIV. P. 12(h)(3)). Because federal courts are courts of limited jurisdiction, the party invoking federal jurisdiction bears the burden of proof to establish jurisdiction with a presumption against federal jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Courts must look to the face of the complaint in order to decide whether a party has adequately alleged facts sufficient to confer federal diversity jurisdiction. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972).

In this case, Plaintiff alleges diversity jurisdiction under 28 U.S.C. § 1332. Complaint for Injunction, Accounting and Damages in Prima Facie Tort (Complaint) at ¶ 4, filed August 3, 1998 *(Doc. 1)*. The Complaint states that "the damages in this complaint seek more than the jurisdictional amount in controversey [sic] of 28 U.S.C. Section 1332." *Id*. Paragraph 10 of the Complaint states that damages include more than $45,000 in attorney's fees. In order for diversity jurisdiction to exist, 28 U.S.C. § 1332(a) requires that the amount in controversy exceed $75,000. In *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995), the Court of Appeals for the Tenth Circuit found that

> [n]either Laughlin's [complaint] nor Kmart's notice of removal establishes the requisite jurisdictional amount in this case. The [complaint] merely alleges that the amount in controversy is in excess of $10,000 for each of two claims . . . . Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the [complaint] or the removal notice.

*Laughlin*, 50 F.3d at 873.

Here, Plaintiff's Complaint fails to allege diversity jurisdiction for two reasons. First, the Complaint does not allege that the amount in controversy exceeds $75,000. Second, similar to the situation in *Laughlin*, the Complaint fails to specify the total amount of damages sought. The Complaint merely states that damages include more than $45,000 in attorney's fees. For these reasons, I find that Plaintiff failed to carry his burden of establishing diversity jurisdiction. Accordingly, this Court lacks subject matter jurisdiction. However, in the interests of justice, fairness and judicial economy, the Court can provide Plaintiff with an opportunity to cure such pleading defects, if possible. *Penteco Corp. Ltd. Partnership-1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1523 (10th Cir. 1991). Therefore, Plaintiff will be given the opportunity to file an amended complaint to properly meet the jurisdictional requirements of diversity.

Wherefore,

IT IS ORDERED that within ten days from the filing of this Memorandum Opinion and Order, Plaintiff shall amend his Complaint to comply with the amount in controversy requirement for diversity jurisdiction. Failure to comply with this order to amend the Complaint shall result in dismissal of this cause without prejudice.

DATED this 23rd day of September, 1999.

_____
CHIEF UNITED STATES DISTRICT JUDGE

For Plaintiff: Dennis F. Armijo
Albuquerque, New Mexico

Frank J. Gallegos
Roswell, New Mexico

For Defendants: Richard L. Alvidrez
Keleher & McLeod
Albuquerque, New Mexico

Brian Mc Ginley
Mark E. Brown
Litman, McMahon & Brown, L.L.C.
Kansas City, Missouri